United States District Court
Southern District of Texas
**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| BRUCE REBMANN, § § Plaintiff. § § v. § § CITY OF GALVESTON, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:24-cv-00155 |

## OPINION AND ORDER

Plaintiff Bruce Rebmann contends that he "is a citizen journalist with a focus on exposing police misconduct and abuses in government." Dkt. 1 at 2. He brings this lawsuit against the City of Galveston (the "City") and several members of the Galveston Police Department ("GPD") under 42 U.S.C. § 1983 and 18 U.S.C § 242 for conduct that he alleges infringed upon his constitutional rights.

Pending before me is Defendants' Partial Motion to Dismiss. Dkt. 22. Defendants ask me to dismiss the following claims: (1) a Fourteenth Amendment equal protection claim; (2) a § 1983 assault and battery claim; (3) a § 1983 negligence claim; (4) all § 242 claims; and (5) all § 1983 municipal liability claims. Having reviewed the briefing, the record, and the applicable law, I **GRANT** Defendants' motion.

## BACKGROUND

Rebmann complains of three separate incidents that occurred between June 2022 and March 2023. In the first encounter, on June 1, 2022, Rebmann alleges that he approached some police officers on a boat dock near his home "to document what was going on with his camera." Dkt. 1 at 3. GPD Officer L. Franklin allegedly shined a flashlight at Rebmann in an effort to prevent him from filming, and told Rebmann to "go away." *Id.* at 5. When Rebmann refused, Franklin "tackled him, hit him in the back of the head with handcuffs," and arrested Rebmann for

interfering with an investigation. *Id.* at 6. Rebmann alleges that GPD Sergeant Jack Doraty, Franklin's supervisor, was present at the scene and failed to intervene and stop Franklin's allegedly unconstitutional actions. Rebmann was taken to jail, but never charged with any crime.

The second incident happened on January 1, 2023. Rebmann alleges that he approached a police vehicle parked in his driveway and began filming. Unprovoked, GPD Lieutenant Joel Caldwell reportedly exited the vehicle, sprayed Rebmann in the eyes with a chemical spray, and tased him. Rebmman claims that Caldwell then "either kicked . . . Rebmann's right leg out from under him or hit it with a club, sending [him] to the ground." *Id.* at 8. Rebmann alleges that Caldwell continued to attack him while he was on the ground, pounding Rebmann's face into the gravel. Caldwell then arrested Rebmann and took him to the GPD for processing.

The third and final incident took place on March 17, 2023. Rebmann says he was filming a police stop for driving under the influence when Caldwell approached him on a public sidewalk and began shining his flashlight into Rebmann's camera. Several other citizen journalists were also filming the encounter. Caldwell and another officer arrested two of the journalists for impeding the sidewalk. When Rebmann started to film the arrest, Caldwell told Rebmann to stand against the wall, and then arrested him for impeding the sidewalk and public intoxication. Rebmann insists that he did not violate any laws, and notes that Caldwell was later suspended for abuse of office and for violating Rebmann's rights.

Rebmann brings seven claims for relief. Defendants' Motion for Partial Dismissal requests that some, but not all, of those claims be dismissed at the pleading stage. Defendants do not, at this juncture, seek dismissal of Rebmann's First Amendment claim for violation of the Free Press Clause, or his Fourth Amendment claim for unreasonable search and seizure.

## LEGAL STANDARDS

### A. RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) entitles a defendant to dismissal when the plaintiff fails to state a claim upon which relief may be granted. The Rule 12(b)(6) standard applied is quite familiar: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When deciding a Rule 12(b)(6) motion, I must accept as true all well-pleaded facts and view them "in the light most favorable to the plaintiff." *Winder v. Gallardo*, 118 F.4th 638, 643 (5th Cir. 2024). Although a complaint does not need "detailed factual allegations" to survive a Rule 12(b)(6) motion, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. SECTION 1983

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted). "To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

## ANALYSIS

**A.   FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

Rebmann brings a Fourteenth Amendment equal protection claim against all Defendants for "prevent[ing] [Rebmann] from gathering content for a story about a matter of public interest and knowingly invent[ing] false charges against [him]." Dkt. 1 at 14. Defendants argue that they are entitled to dismissal of Rebmann's equal protection claim because he "does not allege facts even suggesting that similarly situated individuals were treated differently than was [Rebmann], much less facts which plausibly show Defendants['] actions had a discriminatory effect and facts showing the officer was motivated by a discriminatory purpose." Dkt. 22 at 9–10 (cleaned up).

The Fourteenth Amendment's Equal Protection Clause provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1, cl. 4. To state an equal protection claim, Rebmann must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quotation omitted).

Rebmann simply has not alleged that he was treated differently than other similarly situated individuals. Notably, Rebmann alleges that in at least one instance, other citizen journalists on the scene were also removed and arrested, suggesting that those similarly situated to Rebmann were treated the same, not differently. This pleading deficiency dooms Rebmann's equal protection claim.

**B.   ASSAULT AND BATTERY CLAIM UNDER § 1983**

Rebmann next asserts a claim for assault and battery against Franklin and Caldwell under § 1983, claiming that the officers "made intentional and harmful or offensive contact with [Rebmann]" and acted "to cause a reasonable apprehension of imminent and harmful contact." Dkt. 1 at 15. Defendants contend that

Rebmann's claim for assault and battery is a state law tort that cannot be brought under § 1983. I agree.

Assault and battery is a state law tort, not a federal cause of action, "and as such [is] not cognizable in a § 1983 lawsuit." *Sallie v. Hugo*, No. 6:20-cv-274, 2020 WL 10964598, at *1 (E.D. Tex. Oct. 23, 2020); *see also Hardin v. Bemis*, 920 F.2d 932, *1 (6th Cir. 1990) ("[Plaintiff]'s assault and battery allegation is a common law tort which is not in itself cognizable under § 1983."); *Munn v. City of Ocean Springs*, No. 1:14-cv-428, 2015 WL 1427351, at *5 (S.D. Miss. Mar. 27, 2015) (assault and battery not cognizable under § 1983); *George v. Harris County*, No. H-10-3235, 2012 WL 2744332, at *8 (July 9, 2012) ("The law is clear, however, that state-law claims for assault and battery . . . may not proceed under § 1983.").

Rebmann may be able to assert a claim for assault and battery under state law, but that claim has not been set forth in his Complaint. In his live pleading, Rebmann specifically alleges an assault and battery claim under § 1983. That he cannot do. Because there is no cognizable claim for assault and battery under § 1983, this claim must be dismissed.

### C.  NEGLIGENCE CLAIM UNDER § 1983

Rebmann also brings a negligence claim under § 1983. As Defendants point out, negligence claims are not cognizable under § 1983. *See Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability nay be imposed under section 1983."). Given this binding legal precedent, Rebmann "concedes that he cannot bring a claim under § 1983 for negligence." Dkt. 24 at 5. The negligence claim under § 1983 is thus dismissed.

### D.  SECTION 242 CLAIMS

Rebmann brings various claims under both § 1983 and § 242. These include a First Amendment free press violation claim, a Fourth Amendment claim for unreasonable search and seizure, and Fourteenth Amendment equal protection violation and retaliation claims.

Section 242 criminalizes the deprivation of civil rights under the color of law. The Fifth Circuit has repeatedly held that § 242 does not provide a private cause of action. *See Parham v. Clinton,* 374 F. App'x 503, 504 n.1 (5th Cir. 2010) (holding § 242 "is a criminal statute with no correlating civil cause of action"); *Gill v. Texas*, 153 F. App'x. 261, 262 (5th Cir. 2005) (stating that § 242 does "not provide a basis for civil liability"); *Hebrew v. Houston Media Source, Inc.*, No. 09-cv-3274, 2010 WL 2944439, at *1 n.2 (S.D. Tex. July 20, 2010) ("The court first notes that 18 U.S.C. § 242 is a criminal statute with no correlating civil cause of action."), *aff'd*, 453 F. App'x. 479 (5th Cir. 2011). Against this legal backdrop, Rebmann "concedes that he cannot bring a claim under 18 U.S.C. § 242." Dkt. 24 at 6. I thus dismiss all of Rebmann's § 242 claims.

### E.  MUNICIPAL LIABILITY

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). "To establish municipal liability pursuant to § 1983, a plaintiff must demonstrate three elements: a policymaker; an official policy [or custom]; and a violation of constitutional rights whose moving force is the policy or custom." *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018) (quotation omitted); *see also Monell*, 436 U.S. at 690 (A plaintiff may sue a local governmental body under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). As the Fifth Circuit has explained: "[a] municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Rebmann alleges that the City has "a policy, practice, or custom to retaliate against [Rebmann] for engaging in [his] protected First Amendment activity." Dkt. 1 at 16. Rebmann also alleges in conclusory fashion that the City is liable because it "failed to adequately train its police officers," "engaged in negligent hiring," and "ratified Defendants' conduct." *Id.* Defendants argue that Rebmann's "conclusory assertions are barren of any factual allegation entitled to an assumption of the truth under *Iqbal*." Dkt. 22 at 15. Defendants also contend that Rebmann has failed to allege facts that plausibly show (1) an actionable City policy, practice, or custom; (2) the City's policymaker is culpable for any unconstitutional City policy; and (3) the City's policymaker was a moving force that caused any deprivation of Rebmann's rights.

Significantly, Rebmann failed to respond to Defendants' arguments concerning municipal liability. The Fifth Circuit has held that a plaintiff's failure to defend a claim in response to a defendant's motion to dismiss "constitute[s] abandonment" of that claim. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006); *see also McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."); *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). Because Rebmann failed to respond to Defendants' challenge to his municipal liability claim under § 1983, it is deemed abandoned and should be dismissed.

Even if Rebmann had not abandoned his claim for municipal liability, the allegations in the Complaint fail to pass muster under Rule 12(b)(6). "The simple allegation that a 'policy or custom' existed, without reference to a specific policy or custom, is precisely the sort of formulaic pleading that does not pass muster under *Iqbal*." *Doe v. Harris County*, 751 F. App'x 545, 550 (5th Cir. 2018). And although a municipality's failure to train police officers may, in certain circumstances, give

rise to § 1983 liability, Rebmann must allege sufficient facts showing: (1) the City's "training procedures were inadequate"; (2) the City "was deliberately indifferent in adopting its training policy"; and (3) "the inadequate training policy directly caused" Rebmann's injuries. *Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018) (quotation omitted). Here, Rebmann's bare-boned allegation that the City "failed to adequately train its police officers" is insufficient. Dkt. 1 at 16. Threadbare allegations and recitations of the elements of a cause of action will not suffice to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Finally, Rebmann states in his Complaint that the City "ratified" Defendants' conduct. Dkt. 1 at 16. That statement is as conclusory as it gets. There are simply no substantive allegations to be found in the Complaint that anyone with policymaking authority ratified the individual officers' actions on behalf of the City. Dismissal of all claims against the City is therefore appropriate.

## CONCLUSION

Defendants' Partial Motion to Dismiss (Dkt. 22) is **GRANTED**. The following claims are **DISMISSED**: (1) Fourteenth Amendment Equal Protection; (2) § 1983 assault and battery; (3) § 1983 negligence; (4) all § 242 claims; and (5) § 1983 municipal liability claims against the City.

SIGNED this 12th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE