UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bruce Rebmann, § | |
| *Plaintiff*, § | |
| v. § | Case No.: 3:24-cv-00155 |
| § | |
| Lieutenant Joel Caldwell, et al § | |
| *Defendants*. § | |

## DEFENDANTS' DEFENSES, ANSWER, AND JURY DEMAND

Defendants Lieutenant Joel Caldwell, Sergeant Jack Doraty, and Officer Logan Frankland[1] file their defenses, answer, and demand for jury trial in response to Plaintiff's complaint [Doc. 1].

### FIRST DEFENSE

1. Plaintiff fails to state a plausible claim for relief, and Defendants are entitled to judgment on the pleadings.

### SECOND DEFENSE

2. Plaintiff's conduct was the sole cause of the occurrences which form the basis of this lawsuit, Plaintiff's alleged harm, and Plaintiff's claimed damage.

### THIRD DEFENSE

3. Defendants are protected by qualified immunity from liability and unnecessary burdens of suit. Defendants reasonably performed law enforcement duties in objective good faith, within the scope of discretionary law enforcement authority, and within the general scope of Defendants' law enforcement office or

---

[1] Plaintiff sued as L. Franklin.

149060565.3

Page | 1

employment.

## FOURTH DEFENSE

4. Plaintiff failed to use reasonable diligence to mitigate damages Plaintiff claim.

## FIFTH DEFENSE

5. Defendants assert their rights under the Fourteenth Amendment and maintain that punitive damages are unconstitutional in this case to the extent they are assessed:

   a. In an amount left to the discretion of the judge and/or jury;

   b. In any decision representing less that a unanimous verdict;

   c. Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt; and/or,

   d. Where the standard of guilt is not clearly defined.

## ANSWER

6. Subject to the foregoing, Defendants answer the claims and allegations in the complaint consistent with FED. R. CIV. P. 8(b), under which Defendants deny every claim and Defendants deny each allegation made except those Defendants expressly admit herein.

7. This Court has jurisdiction over Plaintiff's claims and venue is proper in this Court. Defendants deny the other allegations in ¶¶ 1-5 of Plaintiff's complaint.

8. Plaintiff claims to live in Galveston, Texas. Defendants deny the other allegations in ¶¶ 6-8 of Plaintiffs' complaint.

9. Defendants were employed by the City of Galveston as a lieutenant, sergeant, and officer during the occurrences which form the basis of this lawsuit, and Defendants reasonably performed law enforcement duties in objective good faith, within the scope of discretionary law enforcement authority, within the general scope of an officer's law enforcement office or employment under color of Texas law. Defendants have answered the allegations made against them and asserted defenses from the claims asserted against them. The allegations made against the City in ¶¶ 9, 11, and 15 of Plaintiff's complaint are rendered moot by the Court's order [Doc. 26], and Defendants deny those allegations. Defendants deny the other allegations contained in ¶¶ 9-16 of Plaintiff's complaint

10. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations regarding what lead Plaintiff to approach the officers on June 1, 2022, so Defendants deny Plaintiff's allegation in that regard. Rather, on the evening of June 1, 2022, Plaintiff interfered with a police investigation and Plaintiff was arrested for doing so. Defendants deny the remainder of the allegations in ¶¶17-27 of Plaintiff's complaint.

11. On the night of January 1, 2023, Plaintiff approached Lieutenant Caldwell's vehicle while Lieutenant Caldwell was parked at a commercial property. Plaintiff yelled at the Lieutenant from a distance and then suddenly appeared standing in front of Lieutenant Caldwell's police vehicle's door. Lieutenant Caldwell asked Plaintiff to step back, but Plaintiff did not step back and instead expressed apparent agitation. Lieutenant Caldwell attempted to handcuff Plaintiff, who resisted

handcuffs being p-laced on his wrists. Lieutenant Caldwell handcuffed Plaintiff only after deploying a taser to overcome Plaintiff's resistance to arrest. Plaintiff was intoxicated in a public place to the degree he was a danger to himself and others, so probable cause supported his arrest for public intoxication and other offenses, including resisting arrest and interfering with public duties. Defendants deny the remainder of the allegations in ¶¶28-35 of Plaintiff's complaint.

12.     On the evening of March 17, 2023, Plaintiff, along with other individuals, were causing a disturbance which prompted a call to the City of Galveston Police Department. At the scene, Plaintiff was told he was impeding the sidewalk while intoxicated, and Plaintiff was arrested based on probable cause to believe he committed criminal conduct. Plaintiff's vehicle was towed because the vehicle was illegally parked. Defendants deny the remainder of the allegations in ¶¶36-47 of Plaintiff's complaint.

13.     Plaintiff denies the allegations in ¶¶48-59, 64-68 of Plaintiff's complaint, and the allegations are moot under the Court's order [Doc. 26]. Defendants also deny the Prayer and Introduction of Plaintiff's complaint.

14.     Plaintiff's allegations in ¶¶60-63, 69-72 of the complaint are moot under the Court's order [Doc. 26], and Defendants deny the allegations.

15.     Plaintiff's allegations in renumbered ¶¶1-13 contained on pages 15-17 of Plaintiff's complaint are moot under the Court's order [Doc. 26], and Defendants deny those allegations.

## REQUEST FOR JURY TRIAL

16. Defendants assert a trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

17. Defendants prays they be released, discharged, and acquitted of all charges, allegations, and claims filed against them, that judgment be rendered in Defendants' favor, that Plaintiff takes nothing by reason of this suit, and that Defendants recover all costs of court, including but not limited to attorney's fees, in defending against Plaintiff's claims, as well as other relief to which Defendants are justly entitled to in law and equity.

Respectfully submitted,

*/s/ Adarsh Annamaneni*
William S. Helfand
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. of Texas Bar No. 8791
Norman Ray Giles
State Bar of Texas No. 24014084
S.D. of Texas Bar No. 26966
Adarsh Annamaneni
Texas State Bar No. 24118607
S.D. Tex. Bar No. 3686286

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2024, I electronically filed the foregoing document using the CM/ECF system and that a copy of this filing has been forwarded to all counsel of record through and in accordance with the ECF local rules.

                                            */s/ Adarsh Annamaneni*